OPINION
{¶ 1} On January 5, 2007, Appellant Kenyan Nichols was convicted of violating a protection order while committing a felony. On January 22, 2007, the trial court placed Nichols on community control sanctions for the offense. One of the conditions of community control was that he obey the protection order. On an unrelated receiving *Page 2 
stolen property conviction, Nichols was sentenced to ten months in prison.
 {¶ 2} Upon his release from prison on August 14, 2007, Nichols attempted to contact Ms. Latrina Carr who was the protected party in the previous protection order violation. On September 27, 2007, the State moved the trial court to revoke Nichols' prior community control sanction, which the court granted on December 27, 2007. The court sentenced Nichols to two years in prison and this appeal followed.
 {¶ 3} Ms. Carr testified at the revocation hearing. She testified she and Nichols had dated for about four years and had a son, Kenyon, as a result of that relationship. She testified she obtained a civil protection order against Nichols in October 2004 that prohibited Nichols from contacting her except to arrange visitation with their son. Nichols was also ordered not to come within 1,000 feet of Ms. Carr, her residence, or her employment.
 {¶ 4} Ms. Carr testified that when Nichols was released from prison, he called her nine or ten times at her employment and tried to approach her as she was leaving work at a radio station where she worked part-time.
 {¶ 5} On cross-examination, Ms. Carr admitted writing numerous letters to Nichols expressing affection for him and telling him she hoped they could be a "family" again. (Tr. 19.) She admitted to sending intimate photographs of herself as well. (Tr. 19.)
 {¶ 6} At the conclusion of the revocation hearing, the trial court found Nichols guilty of violating the terms of his community control sanction. The court noted that Nichols had an extensive criminal record and had violated terms of community control sanctions on two previous occasions. The trial court sentenced Nichols to two years in *Page 3 
prison.
 {¶ 7} In two related assignments of error, Nichols contends the trial court abused its discretion in revoking Nichols' community control sanction, and in imposing the two-year sentence. Nichols contends that Carr's manipulative conduct, while he was in prison, led him to believe she would not enforce the civil protection order upon his release. Nichols also contends he was merely attempting to arrange visitation with his son in making the numerous calls to Ms. Carr at her workplace.
 {¶ 8} The State argues that the evidence was undisputed that Nichols violated the terms of community control and that only one of the numerous calls he made related to visitation. The State argues that Ms. Carr's manipulative conduct was irrelevant because it was Nichols' duty to follow the terms of the civil protection order or get it removed.
 {¶ 9} Nichols contends the trial court should have continued him on community control He also contends the trial court failed to consider the victim induced or facilitated the offense which reduces the seriousness of the violation. See R.C. 2929.12(c)(1). The State for its part argues that the two-year sentence was well within the range permitted for a third-degree felony conviction and Nichols had two prior community control revocations.
 {¶ 10} We agree with the State that the trial court did not abuse its discretion in revoking Nichols' community control. There was no dispute Nichols violated the terms of the civil protection order. Since Nichols could have received a five-year sentence for the offense committed, we will assume the trial court properly considered Ms. Carr's manipulative conduct in this matter. *Page 4 
 {¶ 11} In his last assignment, Nichols contends his trial counsel was constitutionally ineffective for not presenting the testimony of certain witnesses who would have contradicted Ms. Carr's revocation hearing testimony. He contends that if these witnesses had been presented to the court by counsel, he would have received a lesser sentence.
 {¶ 12} The resolution of this assignment necessarily requires us to consider matters which are not a part of the trial record, to-wit, the witnesses mentioned in Nichols' appellate brief at page 6. Nichols has failed on this record to support his contention his trial counsel was ineffective. The third assignment is Overruled.
 {¶ 13} The judgment of the trial court is Affirmed.
WOLFF, J., and GRADY, J., concur.
Copies mailed to:
Mathias H. Heck, Jr. R. Lynn Nothstine Bryan K. Penick Hon. A. J. Wagner *Page 1